UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>　　　　　Defendants. | Case No.　22-cv-06026-VC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, THE DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 108 |

The motion to dismiss is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. *Rooker-Feldman*. The *Rooker-Feldman* doctrine deprives a district court of jurisdiction "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court" and "seeks relief from the judgment of that court." *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)). Analyzing whether a claim is barred by *Rooker-Feldman* requires "close attention to the relief sought by the federal-court plaintiff." *Id*. The doctrine should not "sweep too broadly." *Id.*

Here, I.H.M.'s claims center on the alleged misconduct of her social workers which included putting her in foster homes that they knew to be unsafe and failing to account for her basic and special needs. The claims based on these allegations are not barred by *Rooker-Feldman* because they are not a direct challenge to the state court's decisions and do not "seek relief from the judgment of that court." *Noel*, 341 F.3d at 1163; *see Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1083 (D. Alaska 2023) (declining to apply *Rooker-Feldman* on similar allegations).

However, I.H.M.'s complaint also discusses the original dependency petition, the state

court's order terminating her great-grandmother D.C.'s legal guardianship, and the state court's order placing I.H.M. at the Devereux facility. To the extent that any of I.H.M.'s claims are based on these specific decisions, they are barred by *Rooker-Feldman* because that would entail I.H.M. challenging the state court's orders.[1]

2. *Section 1983 Claims*. I.H.M. has adequately stated a claim under the Fourteenth Amendment. "The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *Tamas v. Department of Social & Health Services*, 630 F.3d 833, 842 (9th Cir. 2010). A state official violates the Fourteenth Amendment when they act with "deliberate indifference" to a child's safety and basic needs, such as when the official acts with deliberate indifference to a "child's serious medical needs" or to "suspected sexual abuse in a foster home." *Henry A. v. Willden*, 678 F.3d 991, 1001 (9th Cir. 2012).

The complaint alleges the following: The defendants placed I.H.M. at an elementary school known to have sexual predation issues where she was isolated, restrained, and exposed to sexual conduct by male students. After I.H.M. was transferred to a better school at D.C.'s request, social worker Vohra orchestrated I.H.M.'s removal from D.C.'s home by accusing D.C. of withholding information from Vohra and raising other complaints about the home. After I.H.M. was removed from D.C.'s home, social worker Webb isolated I.H.M. from her family and lost her file. I.H.M. was then placed in several foster homes where she was sexually abused. Webb also ignored her special needs by failing to advise foster parents of those needs, refusing to allow D.C. to attend IEP meetings, and allowing one foster parent to cancel all IEP meetings. Webb further ignored a therapist's report that I.H.M. needed consistency to cope with her mental health issues and was being deprived of food in one foster home. Finally, I.H.M. was abused at Devereux and the defendants did not visit or supervise her while at that facility. When put

---

[1] The social workers are also entitled to absolute immunity for their initial decision to petition I.H.M.'s case to the state court because that decision is quasi-prosecutorial in nature. *See Rieman v. Vazquez*, 96 F.4th 1085, 1090 (9th Cir. 2024). But I.H.M.'s complaint doesn't appear to challenge that initial petition.

together, these allegations create a reasonable inference that the defendants were deliberately indifferent to I.H.M.'s safety and basic needs.

However, the complaint fails to adequately state Fourth and Eighth Amendment violations. I.H.M. has not alleged that an illegal seizure occurred. The complaint itself alleged that I.H.M. was the subject of a state dependency case during the relevant time period and does not allege enough other facts to infer that I.H.M.'s removal from D.C.'s home was unreasonable under the Fourth Amendment. The Eighth Amendment claim is also dismissed because the Eighth Amendment's cruel and unusual punishment clause only applies to criminal proceedings. *See D.B. v. Brewer*, No. 217CV01651, 2017 WL 2766437, at *6 (C.D. Cal. June 26, 2017); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977).

As discussed at the hearing, the *Monell* claims will be stayed pending adjudication of the individual claims.

3. *State Law Claims.*

*Negligence and Section 820.2 Immunity*. The defendants argue that I.H.M.'s negligence claim is barred because Webb enjoys immunity under California Government Code Section 820.2. Section 820.21 states that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2. The Ninth Circuit has explained that "the California legislature did not intend to define discretion colloquially" but rather requires courts to "distinguish between public employees' policy decisions," which are immunized, and "their operational, or ministerial, decisions," which are not. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 639 (9th Cir. 2012); *see also Mendez v. County of Los Angeles*, 897 F.3d 1067, 1084 (9th Cir. 2018). The "defendants have the burden of establishing that they are entitled to immunity for an actual policy decision made by an employee who consciously balanc[ed] risks and advantages." *Hernandez*, 666 F.3d at 639 (internal quotation marks omitted).

There are two possible interpretations of what a "policy decision" is under *Hernandez*. A

3

broader interpretation is that a policy decision requires affirmatively setting out a policy, such as a county deciding on a protocol for screening foster parents that would include certain specific steps. Under that interpretation, none of the social workers' actions here qualify for immunity. A narrower interpretation is that a policy decision requires some conscious balancing of the risks and advantages of the given action. Under the narrower interpretation, the social workers' decision to recommend I.H.M. be removed from D.C.'s home might be considered a policy decision because they weighed the pros and cons before making that decision, while their failures to inform foster parents about her special needs would be operational decisions. However, under either interpretation, the defendants haven't met their burden of establishing that Section 820.2 immunity applies at the motion to dismiss stage. *See Hernandez*, 666 F.3d at 640.

The defendants raise several California Court of Appeal cases that hold that Section 820.2 immunity covers social workers' removal and placement decisions. *See Gabrielle A. v. County of Orange*, 10 Cal. App. 5th 1268, 1285 (Cal. App. 2017); *Christina C. v. County of Orange*, 220 Cal. App. 4th 1371, 1381 (Cal. App. 4th 2013). But *Hernandez* itself recognized that California lower courts have broadly interpreted Section 820.2 with respect to social workers but explained that those decisions were "not controlling because they conflict with the principles consistently followed in California Supreme Court decisions." *Hernandez*, 666 F.3d at 639. *Gabrielle A.* and *Christina C.* were also both decided at the summary judgment stage.[2]

*Negligent Supervision*. I.H.M. fails to state a negligent supervision claim because she is neither suing any supervisory employees nor has she alleged that any of the County's supervisory employees "knew or had reason to know" of the social workers' "dangerous propensities and acted negligently in hiring, supervising, and retaining" them. *C.A. v. William S. Hart Union High School District*, 53 Cal. 4th 861, 869 (2012).

---

[2] The defendants also raise Section 821.6 immunity. That "immunity is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official proceeding." *Leon v. Riverside*, 14 Cal. 5th 910, 922 (2023). As discussed above, the complaint does not challenge the social workers' decision to initiate dependency proceedings.

*Government Claims Act*. I.H.M. satisfied the California Government Claims Act by filing a claim that fairly described what the County is alleged to have done. *See* Cal. Gov. Code § 910. I.H.M.'s claim stated the relevant time period, the specific social workers involved, the injuries she suffered, and a general description of what happened to her during her time in foster care.

\*       \*       \*

The defendants' motion to dismiss is denied with respect to the Fourteenth Amendment claim and the negligence claim. The motion is granted with respect to the Fourth and Eighth Amendment claims, as well as the negligent supervision claim. The *Monell* claim is stayed pending adjudication of the individual claims. Dismissal is without leave to amend considering that I.H.M. has already amended three times.

**IT IS SO ORDERED.**

Dated: May 6, 2025

VINCE CHHABRIA
United States District Judge